928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The LUBRIZOL CORPORATION, Plaintiff-Appellant,
v.
EXXON CORPORATION, Defendant/Cross-Appellant.
 Nos. 90-1161, 90-1179.
 United States Court of Appeals, Federal Circuit.
 Feb. 21, 1991.
Rehearing Denied in No. 90-1161 March 20, 1991.
 
 S.D.Tex.
 AFFIRMED-IN-PART, VACATED-IN-PART, DISMISSED-IN-PART.
 Before PLAGER, Circuit Judge, BALDWIN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 The Lubrizol Corporation (Lubrizol) appeals the final decision of the United States District Court for the Southern District of Texas, No. H-84-1627, August 31, 1989, (Hughes, J.), granting summary judgment in favor of Exxon Corporation (Exxon) on the validity of Lubrizol's United States patent No. Re. 26,330 ('330) and granting summary judgment on the Lubrizol-Exxon licensing agreement, also in favor of Exxon. The Exxon Corporation cross-appeals the grant of summary judgment on a charge of infringement of Lubrizol's '330 patent. Exxon also cross-appeals the grant of summary judgment on the same Lubrizol-Exxon licensing agreement in favor of Exxon only through March 9, 1982. We affirm-in-part, vacate-in-part, and dismiss-in-part.
 
 OPINION
 Summary Judgment Standard
 
 2
 The grant of summary judgment under Fed.R.Civ.P. 56 is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 835, 221 USPQ 561, 564 (Fed.Cir.1984) (summary judgment of invalidity). To affirm a grant of summary judgment, we must accordingly determine that the record demonstrates an absence of any genuine dispute as to factual inferences which would have a material impact on the entitlement of the movant as a matter of law. Lemelson v. TRW, Inc., 760 F.2d 1254, 225 USPQ 697 (Fed.Cir.1985). The Supreme Court has held that a dispute is genuine for the purposes of summary judgment if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 
 Section 102(b)
 
 3
 Section 102(b) of the Patent Act establishes an absolute bar to the patentability of an invention that has been placed "on-sale" more than one year prior to the date of application for a patent. A determination that a patent is invalid by reason of being on-sale within the meaning of section 102(b) "does not lend itself to formulation into a set of precise requirements." UMC Electronics Co. v. United States, 816 F.2d 647, 656, 2 USPQ2d 1465, 1472 (Fed.Cir.1987), cert. denied, 484 U.S. 1025 (1988). "[T]hose activities that will act as a bar must be of such character that it is apparent at the time they are conducted that patent filing must be completed within a year." Baker Oil Tools, Inc. v. Geo Vann, Inc., 828 F.2d 1558, 1563, 4 USPQ2d 1210, 1213 (Fed.Cir.1987). In addition, the totality of the circumstances must be considered in determining whether particular events create an on-sale bar. U.S. Environmental Products, Inc. v. Westall, 911 F.2d 713, 716, 15 USPQ2d 1898, 1901 (Fed.Cir.1990).
 
 
 4
 Lubrizol filed for the '330 patent on March 27, 1962, making the critical date March 27, 1961. The District Court examined the numerous contacts, correspondence and meetings by Lubrizol, with a variety of commercial users of its products and processes prior to the critical date. Lubrizol offered for sale to the refiners its materials (LZ521, LZ552, LZ555) for use in the process claimed by the Colfer patent (i.e. thermal stabilizers for reducing clogging and coking in preheater tubes and pre-heat exchangers). The activities included letters written by sales representatives indicating suggested uses for the material, customer meetings with sales representatives, quotations of prices and delivery terms, and samples to develop customer familiarity. These indicia of commerciality included a testimonial admissions by Lubrizol salesmen concerning their efforts to market Lubrizol materials for use in the Colfer process. Lubrizol contends here, and contended before the District Court, that these activities were devoted solely to efforts to test the product in process machinery that Lubrizol did not have itself. The extent of the efforts to persuade other companies to use the product, the lack of control over the uses to which the product was put, and the absence of interest by Lubrizol in the results of these putative tests, convinced the District Court that there was no genuine issue of material fact that the sales were not for the purpose of assuring or testing the effectiveness of the product in the new process.
 
 
 5
 We agree with the district court that Lubrizol's activities under the circumstances presented here give rise to the section 102(b) bar. After reviewing the record, we agree that, with regard to the validity of the Colfer '330 patent, there is no genuine issue of material fact precluding summary judgment, and hold, as a matter of law, that the Colfer '330 patent is invalid under 35 U.S.C. Sec. 102(b).
 
 Licensing Agreement
 
 6
 Lubrizol appeals the district court's grant of summary judgment that Exxon was permitted to make, use, and sell Lubrizol's '892 material for the use claimed in the Colfer '330 patent through March 9, 1982, based on the Lubrizol-Exxon licensing agreement. Our disposition of the Colfer '330 invalidity issue renders the licensing issue moot. We therefore vacate the district court's grant of summary judgment on the Lubrizol-Exxon licensing agreement.
 
 Cross-Appeal
 
 7
 The final issue is whether Exxon's cross-appeal can be considered. Because there was no adverse judgment from which Exxon could appeal, and its arguments are simply alternative support for the entered final judgment, we dismiss its cross-appeal.
 
 Conclusion
 
 8
 For the foregoing reasons, the judgment of the District Court is
 
 
 9
 AFFIRMED-IN-PART, VACATED-IN-PART, DISMISSED-IN-PART.